Argued September 14, affirmed October 5, rehearing denied
November 16, 1926.

## STATE v. LAWTON HAYES.

(249 Pac. 637.)

**Arrest—Search of Defendant's Person for Intoxicating Liquors Held
not Illegal, Where It Accompanied Arrest of Defendant for
Committing Crime in Presence of and on an Officer (Or. L.,
§ 1763).**

Search of defendant's person for intoxicating liquors *held* not
illegal, though officers had no warrant, where it accompanied lawful
arrest of defendant under Section 1763, Or. L., for commission of a
crime or attempt to commit a crime of assault in the presence of
and on an officer.

Arrest, 5 C. J., p. 398, n. 67, 68, p. 399, n. 78, p. 434, n. 84, 89.

Right of search and seizure without a search-warrant, incident to
a lawful arrest, see note in 32 A. L. R. 680.

From Douglas: J. W. HAMILTON, Judge.

In Banc.

The defendant Lawton Hayes was charged in the
Justice's Court for Deer Creek District, Douglas
County, Oregon, with the crime of unlawful posses-
sion of intoxicating liquor. He was convicted in that
court. On an appeal to the Circuit Court he was
again convicted. He brings this appeal from the
latter conviction. AFFIRMED. REHEARING DENIED.

For appellant there was a brief and oral argu-
ment by *Mr. Albert Abraham.*

For respondent there was a brief and oral argu-
ment by *Mr. Guy Cordon,* District Attorney.

BEAN, J.—On May 17, 1925, deputy sheriffs Fred
Byron and A. S. Ireland were on duty at a dance-
hall in Douglas County endeavoring to curb liquor
violation. Defendant Hayes, with others, was seen

to leave the dance-hall several times and then return. The officers followed Hayes and one Pemberton, when they left the place in the latter's car, about three-fourths of a mile to where the car was parked by the side of the road. One of the officers requested permission to search the car which was given. Nothing was found in the car. During the search defendant Hayes became quarrelsome with the officer and assaulted, or attempted to assault, Deputy Byron, who then told the defendant "You are under arrest," but the defendant resisted for a time. The deputies arrested Hayes and after that searched his person and took therefrom a bottle of whisky.

Prior to the trial in the Justice Court the defendant made an application for the return of the liquor and the suppression of the evidence. The matter was heard and the application denied. A similar application was made in the Circuit Court with a like result.

Defendant also objected to and moved to strike out the testimony relating to the liquor and assigns error in the refusal of the court to grant the motion and application. At the time of the arrest the officers had no warrant. It is contended on behalf of defendant that his constitutional right was invaded and that the search of his person was illegal.

Section 1763, Or. L., provides that a peace officer may, without a warrant, arrest a person—(1) For a crime committed or attempted in his presence; (2) When the person arrested has committed a felony, although not in his presence; (3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

It is submitted on behalf of the State that the officers were authorized to arrest the defendant for

a crime committed, or attempted, in their presence. The testimony in the case tended to show, and the court was warranted, in finding that the defendant was arrested for the commission of the crime, or attempt to commit the crime of an assault in the presence of and upon, Officer Byron. Therefore, the officers in pursuance of their duty had the right to arrest defendant. After the arrest the right to search the person of defendant followed as an incident of the lawful arrest: *State* v. *McDaniel,* 115 Or. 187 (on rehearing), 234, 240 et seq. (231 Pac. 965, 237 Pac. 373); *State* v. *Lundy,* 103 Or. 443 (204 Pac. 958, 206 Pac. 290).

The arrest of the defendant Hayes was lawful, the search and seizure were lawful; therefore, there was no error of the court in refusing to suppress the evidence or in admitting the same upon the trial of the cause.    AFFIRMED.    REHEARING DENIED.

RAND and BELT, JJ., took no part in the consideration of this case.